UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

JASON C. KAELIN,

       Plaintiff,

   v.

RANDY BLADES, Warden, ALBERTO RAMIREZ, DR. KENNETH KHATAIN and DR. SCOTT ELIASON,

       Defendants.

Case No. 1:15-CV-0065-EJL

**ORDER ADOPTING REPORT AND RECOMMENDAITON**

## INTRODUCTION

On October 31, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Defendants' Motions for Summary Judgment be granted. (Dkt. 57.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No written objections have been filed. The matter is ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) stating:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…."to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 57.) Plaintiff initiated

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

this action by filing his Complaint against the Defendants raising claims under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, state law claims of medical negligence, and non-specified state law claims against Defendants Blades and Ramirez. (Dkt. 3.) The claims generally allege the Defendants were deliberately indifferent and medically negligent in addressing the Plaintiffs serious medical needs. (Dkt. 3.) Plaintiff argues a state court order requires Defendants to provide him certain medications and psychotherapy. Defendants filed the instant Motions for Summary Judgment which the Report recommends granting. (Dkt. 49, 50.)

This Court has reviewed the Complaint, the parties' briefing, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court agrees in all respects with the Report and adopts the same. The Report's recitation of the facts is accurate and complete and this Court concurs with the Report's discussion of the applicable law and analysis

applying that law to the facts in this case. For the reasons stated in the Report, the Court will grant the Defendants' Motions for Summary Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED THAT the Report and Recommendation entered October 31, 2016 (Dkt. 57) is ADOPTED IN ITS ENTIRETY and the Defendants' Motions for Summary Judgment (Dkt. 49, 50) are **GRANTED**.

DATED: January 27, 2017

Edward J. Lodge
United States District Judge